UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------

JUUL LABS, INC.,

    Plaintiff,

vs.

FLI HIGH, LLC,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 1:21-cv-00872

ORDER
[Resolving Doc. 14]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff JUUL Labs moves for entry of default judgment and a permanent injunction against Defendant Fli Hi, LLC.[1]

For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment, fees, costs, and a permanent injunction.

## I. Background

Plaintiff is the "designer, manufacturer, and distributor of JUUL-branded electronic nicotine delivery systems."[2] Plaintiff owns certain "federally-registered, registration-pending, and common law trademarks" related to the JUUL name.[3] Defendant is a limited liability company that owns and operates Fli High Smoke Shop in Cleveland, Ohio.[4]

Plaintiff sued Defendant, alleging that Defendant infringed on Plaintiff's trademarks by selling counterfeit JUUL products. Specifically, JUUL representatives purchased

------

[1] Doc. 14.
[2] *Id.* at 5.
[3] *Id.* at 5–6.
[4] Doc. 1 at 2.

Case No. 1:21-cv-00872
Gwin, J.

counterfeit products from Defendant twice—once before and once after Plaintiff sent Defendant a cease-and-desist letter.[5] The counterfeit products "bear counterfeit and confusingly similar imitations of the JUUL Marks" such that, Plaintiff says, they are "likely to be confused with genuine JUUL Products."[6]

Plaintiff's complaint included six claims against Defendant: (1) trademark infringement (15 U.S.C § 1114); (2) false designation of origin (15 U.S.C. § 1125(a)); (3) unfair competition (15 U.S.C. § 1125(a)); (4) trademark infringement under common law; (5) common law unfair competition; and (6) deceptive acts and trade practices (Ohio Rev. Code § 4165.02).[7]

Defendant has not responded to Plaintiff's complaint. On June 9, 2021, the Clerk entered default against Defendant.[8]

Plaintiff now asks the Court to enter default judgment and issue a permanent injunction against Defendant.

II. Discussion
  a. Default Judgment

Federal Rule of Civil Procedure 55 governs default and default judgment. Once the Clerk enters default, the Court may enter default judgment without a hearing.[9] The Court accepts Plaintiff's well-pleaded factual allegations as true for determining liability. Still, the Court must "determine whether those facts are sufficient to state a claim for relief."[10]

---

[5] Doc. 1 at 4–5; Doc. 1-2; Doc. 1-3; Doc. 1-4.
[6] Doc. 14 at 7.
[7] *Id.* at 8; Doc. 1 at 6–13.
[8] Doc. 13.
[9] Fed. R. Civ. Pro. 55(b).
[10] *Summit Tool Co. v. Xinkong USA, Inc.*, No. 5:20-cv-1182, 2021 WL 3190780, at *3 (N.D. Ohio July 28, 2021) (citing *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016)).

Case No. 1:21-cv-00872
Gwin, J.

Here, the undisputed factual allegations establish Plaintiff's trademark and unfair competition claims.[11]

### b. Statutory Damages

Plaintiff seeks statutory damages totaling $150,000, or $50,000 for each JUUL mark identified in Plaintiff's complaint.[12]

The Lanham Act provides for awards "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."[13] Courts can award up to $2,000,000 per counterfeit mark if they find that the defendant willfully used the counterfeit marks.[14] Within these limits, the Court has

---

[11] To establish their 15 U.S.C. § 1114 trademark infringement claim, Plaintiff must show: "(1) it owns a valid trademark; (2) Defendants used the trademark 'in commerce' and without Plaintiff's authorization; (3) Defendants used the trademark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) Defendants' use of the trademark is likely to confuse consumers." *Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 910 (6th Cir. 2014).

Further, "[t]o recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit." *Skreened Ltd.*, 16 F. Supp. 3d at 911 (citations omitted). Counterfeit means "a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought know such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). In other words, a counterfeit mark is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." *Skreened Ltd.*, 16 F. Supp. 3d at 911 (citing 15 U.S.C. § 1127 and *Laukus v. Rio Brands, Inc.*, 391 Fed. Appx. 416, 425 (6th Cir. 2010)).

Both Plaintiff's 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) false designation of origin and unfair competition complaints share a key test. Plaintiff must show that Defendant's actions are likely to cause confusion. *Chanel, Inc. v. Wrice*, No. 5:13–cv–891, 2015 WL 521144, at *5 (N.D. Ohio Feb. 9, 2015) (citing *Audi AG v. D'Amato,* 469 F.3d 534, 542 (6th Cir.2006)).

"The analysis of unfair competition claims under Ohio Rev. Code § 4165.02 and Ohio common law is the same as that for an unfair competition claim under the Lanham Act." *Summit Tool Co.*, 2021 WL 3190780, at *5 (citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880–81 (S.D. Ohio 2007) and *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 920 (6th Cir. 2003)).

Plaintiff has provided sufficient factual evidence to meet these standards. *See* Doc. 14 at 10–17. Plaintiff has demonstrated that it owns the JUUL marks, that Defendant sold devices that bore nearly identical marks, and that the counterfeit items are likely to confuse consumers. By defaulting, Defendant admitted that the counterfeit JUUL products are "likely to cause confusion among consumers regarding the origin and quality of the goods [Defendant] offered." *Chanel, Inc.*, 2015 WL 521144, at *4.

[12] Doc. 14 at 20.
[13] 15 U.S.C. § 1117(c)(1).
[14] 15 U.S.C. § 1117(c)(2).

Case No. 1:21-cv-00872
Gwin, J.

broad discretion in awarding damages.[15]

Plaintiff's statutory damages request falls within the statutory parameters and is in line with the awards other courts granted in similar situations.[16] Plaintiff is unable to calculate damages based on Defendant's profit or other business data because Defendant has not responded to Plaintiff's complaint in any way.[17] Plaintiff's requested judgment will compensate Plaintiff and discourage further counterfeit sales.

### c. Fees, Interest, and Costs

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[18] But, an "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[19] The Sixth Circuit has found that cases can be exceptional for awarding fees in Lanham Act purposes when the infringing acts are "malicious, fraudulent, willful, or deliberate."[20] Here, where Defendant has failed to litigate or defend itself, the Court finds that this case is exceptional.[21] Plaintiff's requested $7,417.50 in fees is reasonable.[22] The Court grants Plaintiff's requested fees, post-judgment interest as allowed

---

[15] *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006).

[16] *See JUUL Labs, Inc. v. HMN Inc.,* No. 2:20-cv-6570 (S.D. Ohio May 4, 2021); *Luxottica Grp., S.p.A. v. 111 Pit Stop, Inc.,* No. 2:19-cv-00015, 2020 WL 4287198, at *8 (M.D. Tenn. July 27, 2020); *Chanel, Inc.,* 2015 WL 521144, at *7-8; *Microsoft Corp.,* 490 F. Supp. 2d at 882; *Ford Motor Co.,* 441 F. Supp. 2d at 853.

[17] Doc. 14 at 20.

[18] 15 U.S.C. § 1117(a).

[19] *Evoqua Water Techs., LLC v. M.W. Watermark, LLC,* 940 F.3d 222, 235 (6th Cir. 2019) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 554 (2014)).

[20] *Eagles, Ltd. v. Am. Eagle Found.,* 356 F.3d 724, 728 (6th Cir. 2004) (citation omitted).

[21] *CARSTAR Franchisor SPV LLC v. Collision Express of Ohio Inc.,* No. 2:19-cv-3282, 2020 WL 1956988, at *1 (S.D. Ohio Apr. 22, 2020) (finding trademark infringement case exceptional after granting default judgment where defendants were on notice of but failed to stop infringing activity).

[22] Doc. 14 at 21.

Case No. 1:21-cv-00872
Gwin, J.

by law,[23] and costs ($402.00).[24]

### d. Permanent Injunction

Finally, Plaintiff seeks injunctive relief "enjoining Defendant's future acts of trademark infringement."[25] A court may grant a default plaintiff injunctive relieve if the plaintiff shows they: (1) have suffered an irreparable injury; (2) there is no adequate remedy at law; (3) the "balance of hardships" favors injunctive relief; and (4) a permanent injunction serves the public interest.[26]

Here, Plaintiff faces irreparable injury from the loss of sales and confusion between Defendant's counterfeit product and Plaintiff's genuine product. Statutory damages will not adequately remedy Plaintiff's harm; Defendant must stop selling counterfeit goods. There is no evidence that Defendant will suffer from an injunction prohibiting them from selling counterfeit goods. The Court finds that the balance of hardships and the public interest favors granting injunctive relief. Considering the elements described above, the Court orders

> Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, to be permanently restrained and enjoined from:
> (i) engaging or continuing to engage in infringing, unlawful, unfair, or fraudulent business acts or practices relating to [JUUL Labs, Inc.] trademarks. . . ., including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL products, including fake counterfeit products or unauthorized grey-market products;
> (ii) using without permission any [JUUL Labs, Inc.] mark or other intellectual property right . . .;
> (iii) acting to infringe [JUUL Labs, Inc.] trademarks . . .;
> (iv) falsely designating the origin of any product to be from

---

[23] 28 U.S.C. § 1961(a).
[24] Doc. 14 at 20–21.
[25] *Id.* at 5.
[26] *Audi AG,* 469 F.3d at 550.

-5-

Case No. 1:21-cv-00872
Gwin, J.

>JUUL Labs, Inc.;
>(v) engaging in unfair competition with JUUL Labs, Inc.; or
>(vi) acting in any other manner to derogate JUUL Labs, Inc.'s intellectual property rights.[27]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment, fees, costs, and a permanent injunction.

IT IS SO ORDERED.

Dated: August 17, 2021                    s/    James S. Gwin
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[27] Doc. 14 at 24 (citing Doc. 1 at 13–14).

-6-